UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| David Christopher Dawson and | ) | CASE NO. 16-09581-RLM-7 |
| Sara Austine Dawson, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| David C. Dawson, | ) | |
| | ) | ADV. PROC. NO. |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| Navient Private Loan Trust, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF STUDENT LOANS

### Count I

### Introduction

1. This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. §523(a)(8)(A)(i) and (B) to determine the dischargeability of qualified education loans ("student loans"), as defined in 23 USC §221(d)(1).

### Parties

2. The Debtor filed this case under Chapter 7 of the Bankruptcy Code on December 21, 2016. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding.

3. The Defendant, Navient Private Loan Trust ("Navient") is believed to be a Trust with its principal place of business located at P.O. Box 9640, Wilkes Barre, PA 18773-9640.

## Factual Allegations

4. Five of the unsecured debts owing by Plaintiff, David C. Dawson, are listed in Schedule F are student loans owing to Defendant Navient. The current indebtedness is $7,122.31; $999.56; $6,522.74; $6,825.28; and $6,692.71.

5. The Plaintiff's household net income consists of $5,760.00 per month from their employment. The household contains Plaintiff and his wife, plus their children: son, age 5 months; and daughter, age 4.

6. The Plaintiff's basic monthly living expenses are $5,235.25.

7. Plaintiff's income and expected future income is and will be barely adequate for them to afford the basic necessities of life, as the Plaintiff will have little-to-no disposable income. As such, he lacks the ability to repay the student loan debt to the Defendant, and, any payments he would make would create a great hardship on the Plaintiff.

8. Excepting the student loans from Discharge will impose an undue hardship on the Plaintiff.

9. Excepting the student loans from Discharge will, when Debtor is unable to make the payments required by the Defendant, cause the Debtor to default on his federal student loans, and subject them to collection activities, possibly including, but not limited to: **lawsuits; wage garnishment; ruined credit; collection calls & letters; tax refund intercept; substantial additional fees & interest added to the balance**. Debtor is being forced into a situation where default on his federal student loans is not just likely, but all but guaranteed, will serve to frustrate the "fresh start" of their Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process.

10. The Plaintiff's eventual default, and being subject to subsequent collection

activity, will serve to only increase the undue hardship on the Plaintiff, although at that point in time, not only will he be unable to seek protection under Chapter 7, but also Chapter 13.

11. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process by causing an undue hardship on Debtors, as evidenced by 11 U.S.C. §523(a)(8)(B).

12. As of the date of filing this Adversary, Defendant has refused to offer any reasonable payment option for the Plaintiff.

13. Although not actually required by any applicable statute or code section, Plaintiff has made a good faith effort to repay the student loan debts in question.

14. Any of the loans above described as private student loan debts owed to the Defendant, are also dischargeable under 11 U.S.C. §523(a)(8)(B), because they are not "qualified student loans" used solely for Plaintiff's Cost of Attendance at his schools.

WHEREFORE, the Plaintiff respectfully prays the Court declare the subject student loans dischargeable under 11 U.S.C. §523(a)(8), and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Eric C. Redman
Eric C. Redman, #6330-49
Redman Ludwig, P.C.
151 N. Delaware Street, Suite #1106
Indianapolis, IN 46204
Phone (317) 685-2426 / Fax (317) 636-8686
E-mail: eredman@redmanludwig.com
Attorney for Plaintiff

3